UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SASHA SANCHEZ, | : | Case no.: 3:22 cv 01085 (JCH) |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| WHOLE LIFE, INC., | : | |
| | : | |
| Defendant. | : | September 13, 2023 |

### PLAINTIFF'S NOTICE OF FILING AMENDED COMPLAINT

Plaintiff provides notice of the filing of an Amended Complaint in accordance with the District Court's Ruling [Doc No. 29] on Defendant's Motion to Dismiss. The Amended Complaint adds substantive allegations set forth in Paragraph Nos. 38-50. The Amended Complaint also corrects a scrivener's error by eliminating the reference to the plaintiff as the "Complainant".

      Respectfully Submitted,

      By /s/ James V. Sabatini
         James V. Sabatini, Esquire    CT 19899
         Sabatini and Associates, LLC
         One Market Square
         Newington, CT  06111
         Tel. No.: 860-667-0839
         Fax No.: 860-667-0867
         e-mail: jsabatini@sabatinilaw.com

      Attorney for Plaintiff

**ELECTRONIC CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2023 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                                              <u>s/ James V. Sabatini</u>
                                                James V. Sabatini

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SASHA SANCHEZ,** | : | Case no.:  3:22 cv 01085 (JCH) |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | |
| **WHOLE LIFE, INC.,** | : | |
| | : | |
| Defendant. | : | September 13, 2023 |

**Jury Trial Demanded**

## AMENDED COMPLAINT

1. Plaintiff Sasha Sanchez was and is a Connecticut citizen residing in the Town of Plainfield.

2. Defendant Whole Life, Inc. was and is a Connecticut corporation with a principal place of business located at 216 Broad Street, Floor 3, New London, Connecticut 06320.

3. Defendant owns and operates a facility located at Danielson, Connecticut.

4. Defendant is an employer within the meaning of Connecticut's Fair Employment Practices Act (CFEPA).

5. Defendant employed plaintiff.

6. Plaintiff is Hispanic.

7. Plaintiff is Puerto Rican.

8. Plaintiff's job position was Direct Care Professional.

9. Defendant hired plaintiff ion or about October 14, 2013.

10. Defendant terminated plaintiff's employment on or about August 9, 2019.

11. Plaintiff was qualified for the job.

12. Plaintiff's job performance was good.

13. Plaintiff's job attendance was good.

14. During the six years of her employment, plaintiff received only two write ups.

15. These two write ups were issued during the last 6 months of her employment.

16. On or about March 17, 2019, plaintiff filed a grievance reporting workplace discrimination involving defendant's Group Home Manager Desiree (last name presently unknown).

17. Plaintiff reported that the Group Home Manager attempted on or about March 10, 2019 to substitute a white male as an escort for a male resident and his daughter to whom plaintiff was the caregiver on the resident's annual Florida trip, a responsibility that plaintiff had been assigned to for the previous four years.

18. The Group Manager claimed that she wanted a staff manager form the resident's Okimball Group Home in Brooklyn, Connecticut to accompany the resident and his daughter.

19. However, the resident and specified that he wanted plaintiff to take him to Florida as she had done so in the past.

20. The Group Manager's explanation for assigning the white staffer was a pretext to mask unlawful race and/or national origin discrimination.

21. On April 20, 2019, defendant put plaintiff on a paid administrative leave after a Caucasian staffer accused plaintiff of being verbally abusive towards a female resident.

22. The staffer (first name Rose) alleged that plaintiff was verbally abusive on April 17, 2019 between 11:30 and midnight.

23. Plaintiff was not on the clock when the alleged verbal abuse took place.

24. Defendant employs Willie Michelle Artis.

25. Artis is also an union delegate.

26. Artis was working with plaintiff on April 17, 2019.

27. The female resident did become agitated in the presence of both the plaintiff and Artis.

28. Defendant did not question Artis about the alleged verbal abuse.

29. Artis denies that plaintiff engaged in verbal abuse.

30. Defendant knows that ascertaining the identity of any witnesses is one step in conducting of a proper investigation into alleged workplace misconduct.

31. Defendant knows that interviewing the witnesses is one step in the conducting of a proper investigation into alleged workplace misconduct.

32. Defendant did not conduct a fair and proper investigation.

33. Plaintiff did not verbally abuse a resident.

34. Defendant's excuse for the termination is a pretext to cover up unlawful retaliation and/or discrimination.

35. The CFEPA claims are asserted herein pursuant to C.G.S. §52–592.

36. Plaintiff filed a complaint against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about August 20, 2019.

37. Plaintiff received a release of jurisdiction from the CHRO on or about July 31, 2020. (Ex.1)

38. Defendant's employee made racial comments about the plaintiff.

39. Defendant's employee described plaintiff as "that Spanish girl"; "the loud mouth Spanish girl".

40. The defendant's employee who made the racial remarks was a supervisory employee.

41. The supervisory employee who made the racial remarks was involved in making the decision to terminate plaintiff's employment.

42. Defendant's supervisory employee made the remark about plaintiff: "She is not American."

43. The comment was in reference to plaintiff's national origin.

44. The supervisor who made the comment was involved in making the decision to terminate plaintiff's employment.

45. Defendant did not permit plaintiff to bring her children to work.

46. Defendant permitted Melissa Squawrock to bring her children to work.

47. Squawrock had the same job as the plaintiff.

48. Squawrock is Caucasian.

49. Defendant had a policy of distributing work hours by seniority.

50. Defendant did not comply it own policy when distributing hours to the plaintiff.

## FIRST COUNT
### (Race Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(b)(1) *et seq.*)

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

51. Defendant, by and through its management employees, violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race.

  b.  In that defendant treated plaintiff differently than similarly situated employees;

  c.  In that defendant discriminated against the plaintiff on the basis of race in such a way that it adversely affected her status as an employee;

  d.  In that defendant terminated the plaintiff on account of her race;

  e.  In that defendant intentionally discriminated against the plaintiff.

 52. As a result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered harms and losses.

 53. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of work and equal employment opportunities because of her race.

 54. As a result of defendant's discrimination, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

 55. As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

 56. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
**(National Origin Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(b)(1) *et seq.*)**

 1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

 57. Defendant, by and through its management employees, violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

  a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin.

  b. In that defendant treated plaintiff differently than similarly situated employees;

  c. In that defendant discriminated against the plaintiff on the basis of national origin in such a way that it adversely affected her status as an employee;

  d. In that defendant terminated the plaintiff on account of her national origin;

  e. In that defendant intentionally discriminated against the plaintiff.

58. As a result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered harms and losses.

59. As a direct and proximate result of defendant's unequal treatment, discrimination, plaintiff has been deprived of work and equal employment opportunities because of her national origin.

60. As a further result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

61. As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

62. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## THIRD COUNT
**(Retaliation Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(b)(4) *et seq*.)**

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

63.     Defendant, by and through its management employees, violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

   a.     In that defendant retaliated against plaintiff for reporting and opposing discrimination in the workplace.

64.     As a result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered harms and losses.

65.     As a result of defendant's retaliation, plaintiff has been deprived of work and equal employment opportunities.

66.     As a result of defendant's retaliation, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

67.     As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

68.     Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's retaliation.

## FOURTH COUNT
**(Retaliation in Violation of Section 1981)**

1.     Plaintiff repeats and re-alleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

69.     Defendant has violated Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

70.     Specifically, defendant has violated Section 1981 by subjecting plaintiff to retaliation for complaining about and opposing race and national origin discrimination in defendant's workplace.

71. Defendant terminated plaintiff in retaliation for complaining about and opposing discrimination.

72. As a result of defendant's unlawful retaliatory conduct in violation of Section 1981, plaintiff has sustained harms and losses including economic damages, loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

73. As a result of defendant's unlawful retaliatory conduct in violation of Section 1981, plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

## FIFTH COUNT
### (Race Discrimination in Violation of Section 1981)

1. Plaintiff repeats and re-alleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

74. Defendant has violated Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

75. Specifically, defendant has violated Section 1981 by discriminating against the plaintiff on the basis of race.

76. Defendant terminated plaintiff's employment because of race discrimination.

77. As a result of defendant's unlawful discrimination in violation of Section 1981, plaintiff has sustained harms and losses including economic damages, loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

78. As a result of defendant's unlawful discrimination in violation of Section 1981, plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; Section 1981 statutory damages; attorneys' fees; costs; interest; prejudgment interest; promotion to full time position; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

/s/ James Sabatini
James V. Sabatini, Esquire ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Sasha Sanchez**
**COMPLAINANT**

CHRO No. 2040059

vs.                                                                              EEOC No.  16A201901667

**Whole Life, Inc.**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT.  § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

_Tanya A. Hughes_

**DATE:  July 31, 2020**                    Tanya A. Hughes, Executive Director

cc:  Complainant: Sasha Sanchez: sashasanchez28@yahoo.com
    Complainant's Attorney: James V. Sabatini: jsabatinilaw@sabatinilaw.com
    Respondent: n/a
    Respondent's Attorney: Timothy F. Murphy: tmurphy@skoler-abbott.com
    Case File

.