```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

SASHA SANCHEZ,                    :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :   CASE NO. 3:22-cv-1085(JCH)
                                  :
WHOLE LIFE, INC.,                 :
                                  :
     Defendant.                   :
                                  :
```

### RULING ON DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant Whole Life Inc. ("Whole Life") filed a motion for an order directing Plaintiff to provide sufficient responses to Defendant's First Set of Interrogatories and responses to Defendant's First Request for Production of Documents. (Dkt. #33). Defendant also requests that the Court award reasonable attorney's fees for the fees and costs Defendant incurred in filing this motion. Id. After review of the parties' submissions and oral argument, Defendant's motion is GRANTED in part and DENIED in part.

### I. Background and Procedural History

Plaintiff Sasha Sanchez was employed by Defendant Whole Life until she was terminated on or about August 8, 2019. (Dkt. #33-1 at 2). Plaintiff alleges that she was terminated because of her race and national origin. Accordingly, Plaintiff alleges

that Defendant is liable for race and national origin discrimination, as well as retaliation, in violation of the Connecticut Fair Employment Practices Act and 42 U.S.C. § 1981. (Dkt. #20 at 3). Defendant claims Plaintiff was terminated following an investigation which found that Plaintiff verbally abused a resident living in a residential facility for individuals with disabilities. (Dkt. #33-1 at 2).

On or about January 6, 2023, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents. Id. at 3. Plaintiff responded without objection on February 13, 2023. (Dkt. #36 at 1). Plaintiff's response indicated that Plaintiff's only post-termination employment was with Allied Community Resources beginning in September 2021 through the date of her response. (Dkt. #33-1 at 5). However, during her deposition, Plaintiff indicated she was also employed by two other entities following her termination: Douglas Manor d/b/a Windham Nursing beginning as early as October 2019, and Hartford HealthCare beginning in August 2020. (Dkt. #33-1 at 7); (dkt. #36 at 1); (dkt. #37 at 2). Thereafter, Defendant requested that Plaintiff produce records relating to her employment at Douglas Manor and Hartford HealthCare. (Dkt. #33-1 at 7). After making several attempts to obtain these documents by contacting Plaintiff's counsel, Defendant filed the instant motion to compel on November 15,

2023. (Dkt. #33). The motion requests that the court order Plaintiff to produce all documents related to her post-termination employment, including with Douglas Manor and Hartford HealthCare, as well as a sworn written statement that all relevant documents have been produced after a diligent search. Id. at 11–12. Defendant's motion also requests that the Court order Plaintiff to pay Defendant's reasonable attorney's fees and costs associated with filing the motion to compel. Id. at 11–12.

After Defendant filed its motion to compel, Plaintiff produced supplemental document production and supplemental answers to Defendant's First Set of Interrogatories. (Dkt. #36 at 4-5). In Plaintiff's objection to Defendant's motion to compel discovery, Plaintiff argued that this supplemental production rendered the motion to compel moot. (Dkt. #36). In its reply, Defendant disagreed and stated that Plaintiff's production remains incomplete. (Dkt. #37).

At oral argument, defense counsel indicated that Plaintiff has produced a W-2 from Allied Community Resources from 2021 and a W-2 from Douglas Manor d/b/a Windham Nursing from 2020. Defense counsel then requested that the Court compel the outstanding production of W-2s from Allied Community Resources from 2019, 2020, and 2022, and a W-2 from Douglas Manor d/b/a Windham

3

Nursing from 2019. Defense counsel also noted that Plaintiff, at her first deposition, testified that she worked for Hartford HealthCare, but later denied being an employee of Hartford HealthCare. During the oral argument, defense counsel requested a sworn statement to clarify this potential inconsistency. Defense counsel also requested that the Court compel Plaintiff to produce her personnel files from all employers since the date of her termination.

Plaintiff's counsel did not object to Defendant's discovery requests and indicated that Plaintiff's counsel has requested Plaintiff's personnel files from her previous employers and has not yet received responses. Plaintiff's counsel also indicated that Plaintiff is obtaining pay stubs from her present employer and will provide them to Defendant. Plaintiff's counsel also alerted the Court that on November 27, 2023, Plaintiff provided a signed Form 4506 to Defendant authorizing Defendant to obtain Plaintiff's tax returns directly from the IRS. Defendant responds that it seeks Plaintiff's tax documentation from Plaintiff herself and did not ask Plaintiff to sign the release.

## II. Discussion

During oral argument, there was a dispute regarding whether Plaintiff was employed by Hartford HealthCare following her termination by Whole Life. During Plaintiff's September 15,

4

2023 deposition, she testified that she began working for Hartford HealthCare in August 2020 and was still working for Hartford HealthCare through the date of her deposition. (Dkt. #33-10 at 8). During a later deposition, Plaintiff testified that she was never an employee of Hartford HealthCare.[1] Plaintiff's counsel indicated during oral argument that Plaintiff will clarify through an affidavit whether she was employed at Hartford HealthCare following her termination from Whole Life. To the extent that Defendant's motion seeks documentation related to Plaintiff's employment at Hartford HealthCare, the motion is DENIED as moot. However, should Defendant be dissatisfied with Plaintiff's affidavit or if Plaintiff is later revealed to have been employed by Hartford HealthCare, Defendant may file another motion seeking documentation regarding this employment.[2]

Additionally, plaintiff's counsel represented to the Court and defense counsel acknowledged that Plaintiff provided a signed Form 4506 to Defendant on November 27, 2023. This form authorizes Defendant to receive copies of Plaintiff's tax

---

[1] The Court has not received a transcript of Plaintiff's subsequent testimony, but counsel for both Plaintiff and Defendant reported that Plaintiff now denies having been an employee of Hartford HealthCare.
[2] Presumably, if Plaintiff states that she performed services at Hartford HealthCare but was actually employed by a different entity, Plaintiff will provide responsive documents related to the other employer or entity.

5

returns directly from the IRS.[3]  To the extent that Defendant's motion requests that the Court compel Plaintiff to provide her tax returns for the relevant period, Defendant's motion is DENIED as moot.[4]

As Plaintiff has no objection to any of the other discovery requests, Defendant's motion to compel other documents regarding Plaintiff's post-termination employment is GRANTED. Accordingly, Plaintiff is ordered to obtain and produce Plaintiff's personnel files from her former employers forthwith. Plaintiff is also ordered to produce copies of all pay stubs from her current employer.  During the oral argument, Plaintiff's counsel indicated that Plaintiff can access the pay stubs electronically.

Lastly, Defendant's motion requests that the Court order Plaintiff to pay Defendant's reasonable attorney's costs and fees incurred in filing its motion to compel in accordance with Fed. R. Civ. P. 37(a)(5).  Rule 37(a)(5) requires a court to

---

[3] During oral argument, defense counsel expressed that she was unfamiliar with this form.  According to the IRS website, Form 4506 allows an individual to designate a third party to receive that individual's tax returns directly from the IRS.  The IRS website also contains a link where a blank version of the form may be downloaded. The blank form contains instructions on how to utilize the form. *See About Form 4506, Request for Copy of Tax Return*, INTERNAL REVENUE SERVICE, https://www.irs.gov/forms-pubs/about-form-4506 (last accessed Jan. 4, 2024).

[4] The Court is hopeful that the issue regarding Plaintiff's employment at Hartford HealthCare may be additionally clarified through Defendant's receipt of Plaintiff's tax returns.

order the party resisting discovery to pay the movant's reasonable expenses incurred in connection with a motion to compel if the motion to compel is granted.  Fed. R. Civ. P. 37(a)(5)(A).  "The court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.  Rule 37(a)(5)(C) allows the court to apportion fees between the parties where a motion to compel is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). This Court notes that Rule 37(a)(5)(A) is mandatory, while Rule 37(a)(5)(C) is discretionary.

Defense counsel filed this motion after Plaintiff failed to fully comply with Defendant's First Set of Request for Production, and then failed to respond to a subsequent request made by defense counsel on the record during Plaintiff's deposition.  (Dkt. #33-10 at 8).  Plaintiff then failed to respond to requests made by defense counsel through multiple emails and via letter.  (Dkt. #33-11 at 2-4); (dkt. #33-12 at 3-7); (dkt. #33-13 at 2).  The Court finds that the failure of Plaintiff's counsel to comply with Plaintiff's discovery obligations is sufficiently serious to warrant sanctions. Plaintiff raised no objection to Defendant's discovery requests

7

and offered no justification for the lengthy delay in producing the documents related to Plaintiff's post-termination employment. Since the Court has, in large part, granted Defendant's motion to compel discovery responses, Defendant's motion for reasonable attorney's fees and costs is GRANTED. Accordingly, the Court imposes monetary sanctions against Plaintiff's counsel in the amount of the reasonable attorney's fees associated with the drafting and filing of the instant motion. However, to the extent that the Court finds that the Form 4506, which was produced in November of 2023, was sufficient to allow Defendant to obtain the tax documents from the IRS directly, the Court will discount the amount of fees accordingly.

### III. Conclusion

For the reasons set forth above, Defendant's motion for an order to compel responses to discovery requests is GRANTED in part and DENIED in part. Plaintiff is ordered to obtain and produce the responsive documents from her personnel files from her former employers, as well as her paystubs from her current employer.

Defendant's motion for an order requiring Plaintiff to pay Defendant's reasonable attorney's fees and costs incurred with the drafting and filing of the instant motion is GRANTED.

Defense counsel is ordered to submit one fee application following Plaintiff's compliance with this order.  As noted, the fee award will be discounted accordingly.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 5th day of January, 2024 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge